**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| ZACHARY CHURCH, and all others who are similarly situated, | ) ) ) | Class Action Complaint |
| | ) | |
| Plaintiff, | ) | Demand for Jury Trial |
| | ) | |
| vs. | ) | No. 4:20-cv-00025 |
| | ) | |
| PURDUE UNIVERSITY and the BOARD OF TRUSTEES OF PURDUE UNIVERSITY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>VERIFIED CLASS ACTION COMPLAINT</u>

Plaintiff ZACHARY CHURCH ("Plaintiff") by and through his counsel, brings this action against the Defendants PURDUE UNIVERSITY and the BOARD OF TRUSTEES OF PURDUE UNIVERSITY (collectively "Defendants" or the "University") on behalf of himself and those similarly situated, and makes the following allegations based on information, attorney investigation, and belief, except as to the allegations pertaining to the Plaintiff personally, which are founded on his respective knowledge.

## <u>INTRODUCTION</u>

1.      Plaintiff brings this case against Defendants to demand remediation of the Defendants' refusal to provide restitution for tuition, housing, meals, fees, and other applicable costs after the Plaintiff and similarly situated students were sent home from the University due to the Novel Coronavirus Disease of 2019 ("COVID-19") pandemic. As a result of this refusal, the Plaintiff and similarly situated students lost the benefits of in-person instruction, housing, meals, and student activities for which they had already paid for an entire semester. Plaintiff and similarly

situated students seek refunds of the amounts they paid on a pro-rata basis as well as other damages to be elaborated on herein.

## **BACKGROUND**

2.      In or around March 2020, the University announced that because of the COVID-19 pandemic, all classes would be moved online for the remainder of the Spring 2020 semester. Defendants instructed students who lived in University residence halls and other on-campus housing to move out if they could, although residence halls remain open for students who have no choice but to remain on campus. Because all classes were moved online, there was no reason for students to remain on campus if they had other housing available to them. This is particularly so in the face of the dangers, risks, and fear associated with the COVID-19 pandemic. On information and belief, many students chose to leave campus to be closer to their families, or avoid exposure to COVID-19, and have stayed off campus to comply with instructions from Defendants, local, state and federal governments. In addition, the services that Plaintiff and the proposed classes' tuition and fees were intended to cover were no longer available to them.

3.      Despite the cancellation of live in-person instruction, the constructive eviction of students at the University for the remainder of the semester, and the cessation of all campus activities for at least the same time period, Defendants have not offered any partial refunds of tuition and fees paid to cover the cost of certain on-campus services which will no longer be available to students. With respect to housing, the Defendants have merely offered a $750 credit for students who follow its directive to move out of residence halls. This $750 credit is not commensurate with the financial losses to the University's students and their families. With respect to meal plans, the University offers "credits" for the purchase of future meals, but does not offer full reimbursement.

4.     Half of the semester (which spans from January 2020 through May 2020) remained when the university canceled in-person classes at its campuses in or around mid-March of 2020 and encouraged students not to return after spring break.

5.     The University's decision to transition to online classes and to request or encourage students to leave campus were responsible decisions to make, but it is unfair and unlawful for the Defendants to retain full tuition and fees and a disproportionate share of prepaid amounts for on-campus housing and meal costs and fees, effectively passing the losses on to the students and their families. Other higher education institutions across the United States that also have switched to online learning and requested their students leave campus have recognized the upheaval and financial harm to students and their families from these decisions and have provided appropriate refunds. The University, unfortunately, has not followed the pattern of many of its peers.

6.     Accordingly, Defendants have improperly retained monies paid by Plaintiff and the other Class members (See Class Definitions) for tuition, on-campus housing, meals and fees, while prohibiting or otherwise preventing Plaintiff and other Class members from obtaining the benefits for which they paid. Even if the Defendants did not have a choice of whether to send their students home, they nevertheless improperly retained funds for services they are not providing. No matter the reason for their decisions, Defendants' actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid.

7.     Plaintiff brings this class action for injunctive, declaratory, and equitable relief, and any other available remedies, resulting from Defendants' illegal and unfair conduct, namely retaining full tuition, retaining an unfair share of the costs of on-campus housing paid by Plaintiff and the other Class members, retaining an unfair share of meals paid in advance, and retaining the

full amount paid for fees, while forcing or encouraging Plaintiff and other Class members (or the students on behalf of who Plaintiff and Class members paid these expenses) to move off campus.

8.      This lawsuit also seeks disgorgement of partial tuition for the Spring 2020 semester, the pro-rated unused portion of on-campus housing and meal costs, and unused fees that Plaintiff and other Class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit.

## PARTIES

### A.      Plaintiff

9.      Plaintiff Zachary Church is a Michigan resident. He is currently a senior at Purdue University studying engineering. During the Spring 2020 semester, Church financed the cost of his education – tuition, fees, meals, and other costs – all through student loans. Thus, for every dollar Plaintiff Church paid for his education, he will be paying additional interest.

10.      Plaintiff enrolled in the University for the Spring 2020 semester and lived in on-campus housing at the beginning of the semester, in January 2020. Plaintiff paid the cost of tuition, for on-campus housing, meals and fees for the entire Spring 2020 semester. At the start of the 2019-2020 academic year, Plaintiff and Defendant agreed to a contract which governs the terms of his use of on-campus housing at Purdue University (the "Agreement")(Exhibit A).

11.      Plaintiff's education has transitioned from in-person to online learning as part of the University's removal of students and non-essential personnel from the University's campuses. And yet, Plaintiff's online classes are not commensurate with the same courses being taught in person. As a result of Defendants closure of the University, the Plaintiff is unable to finish his senior year engineering project – constructing an airplane. No online course can simulate the applicable, real-world experience Plaintiff hoped to gain from completing his senior year project.

12.     Plaintiff moved out of on-campus housing in March of 2020 at the behest of the school during the COVID-19 outbreak. Indeed, the sudden change of living arrangements for the Plaintiff was in keeping with the Defendant's recommendation, stating that any student who can move home or to a different location should do so. Plaintiff has not resided in on-campus housing since he left campus in March of 2020. Plaintiff has not been offered a proper prorated refund of his payments for housing.

13.     Plaintiff paid certain costs for a meal plan during the Spring 2020 semester, the benefits of which will no longer be received because the University urged students to move-off campus, in addition to scaling back all dining services for students who chose to remain on campus.

14.     Plaintiff also paid certain fees for the entire Spring 2020 semester with respect to his engineering program in the amount of $2,050.00, the benefits of which will no longer be received because the University urged students to move off-campus. Plaintiff has not been offered a proper prorated refund of his payments for fees.

**B.      Defendants**

15.     Defendant, Purdue University, is a public university located in Indiana with campuses across the state, including in West Lafayette, Indiana and Fort Wayne, Indiana. Tens of thousands of students use Purdue University's on-campus housing as well as other facilities. Students pay fees in order to use said facilities, including but not limited to school specific costs (like those of the Plaintiff), parking fees, gym/health club membership fees, and any other fees charged by Purdue with respect to obtaining an in-person education.

16.     Defendant, the Board of Trustees of the Purdue University, is a body corporate authorized to sue and be sued on behalf of the Purdue University with respect to its responsibilities governing the University.

## JURISDICTION AND VENUE

17.     This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. 1332(d)(2)(A), because the aggregated damages of the class members exceed $5,000,000, exclusive of interests and costs, over 100 members of the class are thought to exist, and this is a class action in which the Plaintiff is from a different State from the Defendant. Namely, the Plaintiff is from Michigan and the Defendant is considered to be an Indiana citizen.

18.     The court has personal jurisdiction because, among other reasons, Defendant is at home in the State of Indiana and resides in this District.

19.     Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because the Defendant resides in this District and is a resident of the State in which the District is located.

20.     Alternatively, venue is proper in this District because the Plaintiff was harmed in this District and the events giving rise to the Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

**A.     Plaintiff and Other Class Members Paid The Cost of Tuition, On-campus Housing, Meals and/or Fees for the Semester of Spring 2020**

21.     Plaintiff and Class members are individuals who paid either or any combination of the cost of tuition, on-campus housing, meals, and/or fees for the University's semester in Spring of 2020.

22.     Spring semester classes at the University began on January 13, 2020. Final exams for the semester are scheduled to end on or around May 9, 2020. Prior to the COVID-19 outbreak, students were scheduled to move out of their residences on or around the first week or so of May 2020; because of the COVID-19 outbreak, the students were required to move out in the middle of March.

23.     Plaintiff and the Class members paid the cost of tuition, on-campus housing, meals, and fees for the semester in Spring of 2020.

24.     This year's (the 2019-2020 academic year) cost of tuition (and some of the fees are included in the price of tuition) at Purdue starts at $9,992 for an in-state resident and starts at $28,794 for an out-of-state resident. Approximate room and board costs at the University for the year start at $10,030.

25.     Tuition and fees listed and described in the above paragraphs are provided by way of example; total damage amounts – which may include other fees not listed herein – will be proven at trial. There are also fees which are not included in the cost of tuition, which are separately discussed above and throughout this Complaint.

**B.    In Response to COVID-19, the University Gets It Half Right: Students Are Required or Encouraged to Leave Campus, But the University Does Not Provide Them With An Adequate Refund of Partial Tuition, On-Campus Housing, Meals and Fees**

26.     Beginning in January of 2020, COVID-19 began presenting American cities and universities with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

27.     In March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19. Eventually, some cities, states, and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

28.     As such, all students who could leave campus residence halls were encouraged to do so and students were advised that all Spring 2020 classes would be moved to online learning platforms. Further, most University buildings would soon remain locked during the day and all

subsequent student activities (including campus athletics) would be canceled. Campus food options would be continued on a limited basis.

29.     The University has retained the value of payments made by Plaintiff and the other Class members for tuition for live in-person instruction, on-campus housing, meals and fees, while failing to provide the services for which those fees were paid.

30.     Class members have demanded the return of the unused amounts of funds paid for tuition, for on-campus housing, for meals and for fees, through a number of channels, while the University has made clear its policy that it will not return any tuition or fees, and will only provide a minimal credit (not a full return of the pro-rated, unused amounts) for housing and an inadequate future credit for meals.

31.     Through this lawsuit, Plaintiff seeks – for himself and the other Class members – a partial refund of tuition representing the difference in value of a half semester of live in-person instruction versus a half semester of online distance learning, as well as the return of the unused portion of on-campus housing costs in University residence halls and other housing proportionate to the amount of time that remained in the Spring 2020 semester when students needed to move out of their on-campus housing, along with a full refund of the unused portion of each meal contract and a refund of a prorated share of fees.

### 1.     *Defendant Failed to Refund Partial Tuition: The Difference in Value of Online Education vs. Live In-Person Instruction in Brick and Mortar Classrooms*

32.     University students were not offered a partial refund of tuition representing the value of the quarter of the academic year that they were forced to use online distance learning platforms in lieu of live in-person instruction in brick and mortar classrooms.

33.     Instead, online classes were extended through the end of the Spring 2020 semester.

34.     As noted in a July 9, 2017 study by Eric Betting and Susanna Loeb of the Brookings Institute (the "Brookings Study")[5], the promises of online courses are "far from fully realized":

- While online courses can improve access, they are challenging, especially for the "least well-prepared students" who "consistently perform worse in an online setting than they do in face-to-face classrooms."

- Taking courses online "increases their likelihood of dropping out and otherwise impedes progress through college."

35.     Of note, the Brookings Study uses data from DeVry University, comparing both DeVry's online and in-person courses. The results are telling and provide evidence that students learn less in the online setting:

- **Taking courses online reduces student grades** by 0.44 points on the traditional four-point grading scale, a 0.33 standard deviation decline relative to taking courses in-person.

- Specifically, s**tudents taking the course in-person earned roughly a B-(2.8) grade on average while if they had taken it online, they would have earned a C (2.4)**.

- **Taking a course online reduces a student's GPA** the following term by 0.15 points, with larger drops of 0.42 points and 0.32 points respectively in the next term's grades for courses taken in the same subject area or for courses in which the online course is a prerequisite.

- The study also found that **taking a course online, instead of in-person, increases the probability that the student will drop out of school**, citing that students are approximately 9% less likely to remain enrolled in the semester after taking an online course.

36.     The Brookings Study concludes that the "analyses provide evidence that students in online courses perform substantially worse than students in traditional in-person courses and that experiences in these online courses impact performance in future classes and their likelihood of dropping out of college as well. The negative effects of online course-taking are far stronger for students with lower prior GPA."

37.     While Plaintiff and Class members acknowledge Defendants' efforts to continue delivering their education in some format, their learning experiences have been stymied and disrupted.

38.     Plaintiff and Class members who paid tuition for live in-person instruction in brick and mortar classrooms that were forced to use online distance learning platforms for the remainder of the Spring 2020 semester did not get the full benefit of what they bargained for when they paid tuition for the Spring 2020 semester.

## 2.      *Defendant Failed to Refund Pro-Rated On-Campus Housing Costs*

39.     While social distancing is recommended by healthcare professionals and even the Center for Disease Control and Prevention ("CDC"), the resulting impact to the economy – and individual families' wallets – cannot be overstated. The University has not fully acknowledged that impact in the policies it has adopted.

40.     To that end, the University students were informed that they would receive a $750 credit to their student account so long as they moved out of residence halls by a set date.

41.     Indeed, Purdue stated through a March 20, 2020 letter by Vice Provost for Student Life Beth McCuskey and Assistant Vice Provost for Student Life Barb Frazee to students the following: "We are pleased to announced that we will provide a credit in the amount of $750 to be applied to the current and future balance of the student account for all students who check out by or are not remaining in the University Residence after March 30[, 2020]."[1]

42.     The letter continues, "Students who are graduating can request the $750 credit and Dining Dollar amount be refunded…. Note that there may be financial aid requirements that need to be met prior to refunds being issued. We are so very sorry that your spring semester in residence

---

[1] https://coronavirus.purdue.edu/updates/letters-to-our-residents/.

had to end so abruptly, but your health and safety, and the safety of our overall Purdue community is our highest priority.[2]

43.     Furthermore, even though the University claims that remaining in on-campus housing is an option: residence halls and other campus housing are not designed to safely house students in the event of a pandemic and, in order to stay safe, the vast majority of students must move out in order to practice safe, social distancing in accordance with recommendations by the CDC.

### 3.     *Meals*

44.     Plaintiff and Class members, in addition to the price of tuition, costs and fees, paid for on-campus meals of which they were not adequately refunded. After the University was effectively closed and students were asked to leave, University students – including the Plaintiff and Class members – lost access to the food being served on campus. The University has failed to adequately reimburse students with a refund of the amounts paid (on a pro-rated basis) for meals.

### 4.     *Student Fees*

45.     Aside from the woefully insufficient "relief" provided to Plaintiff and Class members for their on-campus housing costs, the University failed to offer students a refund of any of the fees they paid for the semester that were unused or for which they had not received a benefit.

46.     This is so even though most University buildings were closed and all student activities were canceled for the remainder of the Spring 2020 semester.

---

[2] *Id.*

## CLASS ACTION ALLEGATIONS

47.     Plaintiff Church brings this action as a class action, pursuant to the Federal Rules of Civil Procedure under Rule 23, individually on behalf of the proposed classes ("Classes") enumerated in paragraph 48, under Class Definitions.

48.     **Class Definitions**. Plaintiff brings this case individually for damages, including equitable relief and disgorgement, on behalf of four Classes, defined as:

> **Tuition Class:** All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the last quarter of the 2019-2020 academic year.

> **On-Campus Housing Class:** All people who paid the costs of on-campus housing for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of that semester because of the University's policies and announcements related to COVID-19 (the "On-Campus Housing Class").

> **Meals Class:** All the people who paid costs for meals and on-campus dining at the University for the Spring 2020 semester (the "Meal Class").

> **Fee Class:** All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester (the "Fee Class").

49.     Excluded from the Classes are Purdue University, the Board of Trustees, and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees successors, or assigns, the judicial officers, and their immediate family members; and Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

50.     This action has been brought and may properly be maintained on behalf of the Classes proposed herein under the criteria of Federal Rule of Civil Procedure, Rule 23 ("F.R.C.P. Rule 23").

51.    **Numerosity – F.R.C.P. Rule 23(a)(1)**  The members of each of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be ascertained by the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

52.    **Commonality and Predominance – F.R.C.P. Rule 23(a)(2) and (b)(3)** This action involves questions of law and fact common to the Classes, which predominate over any individual questions, including:

a.    Whether Defendants engaged in the conduct alleged herein;

b.    Whether there is a difference in value between online distance learning and live in-person instruction;

c.    Whether Defendants breached their contracts with Plaintiff and the other Tuition Class members by retaining the portion of their tuition representing the difference between the value of one half a semester of online distance learning and one half a semester of live in-person instruction in brick and mortar classrooms;

d.    Whether Defendants were unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference in value of one half a semester of online distance learning and one half a semester of live in-person instruction in brick and mortar classrooms;

e.    Whether Defendants breached its contracts with Plaintiff and the other members of the On-Campus Housing Class who entered into housing

13

agreements by not refunding them a full pro-rated amount of their housing expenses when a pandemic prevented them (or the students on whose behalf they paid) from continuing to live on campus safely;

f.      Whether Defendants were unjustly enriched by retaining payments of Plaintiff and the other On-Campus Housing Class members while they (or the students on whose behalf they paid) moved out of their on-campus housing;

g.      Whether Defendants breached its contracts with Plaintiff and the other Meal Class members by retaining costs for food and on-campus dining without providing those services which the costs were intended to cover;

h.      Whether Defendants were unjustly enriched by retaining costs of Plaintiff and the other Meal Class members without providing the food and on-campus dining options which those costs were intended to cover;

i.      Whether Defendants breached its contracts with Plaintiff and the other Fee Class members by retaining fees without providing the services which the fees were intended to cover;

j.      Whether Defendants were unjustly enriched by retaining fees of Plaintiff and the other Fee Class members without providing the services which the fees were intended to cover;

k.      Whether certification of any or all On-Campus Housing Class, Meal Class, Fee Class and/or Tuition Class is appropriate under F.R.C.P. Rule 23;

l.      Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

m.    The amount and nature of relief to be awarded to Plaintiff and the other Class members.

53.    **Typicality – F.R.C.P. Rule 23(a)(3)** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid for tuition, housing, meals, fees and certain other costs associated with the Spring 2020 semester at the University but were not provided the services that those fees and costs were meant to cover. Plaintiff and the other Class members suffered damages – namely, the loss of their payments – as a direct and proximate result of the same wrongful conduct in which the University engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

54.    **Adequacy of Representation – F.R.C.P. Rule 23(a)(4)** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

55.    **Superiority of Adjudication as a Class Action – F.R.C.P. Rule 23(b)(3)** Because of the aforementioned, and in an effort to preserve judicial economy, this case will be best maintained as a Class Action, which is superior to other methods of individual adjudication of claims.

56.    **Certification of Specific Issues – F.R.C.P. Rule 23(c)(4)** To the extent that a class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

57.    **Declaratory and Injunctive Relief – F.R.C.P. Rule 23(b)(2)** The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members,

thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

## CLAIMS ALLEGED

### FIRST CLAIM FOR RELIEF

#### Breach of Contract
#### (Plaintiff and Other Members of the Tuition Class)

58.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully alleged herein.

59.     Plaintiff brings this claim individually and on behalf of other members of the Tuition Class.

60.     Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students, and in exchange, the University would provide live in-person instruction in a brick and mortar classroom.

61.     Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing.

62.     The University breached the contract with Plaintiff and the Tuition Class by moving the second half of all classes for the Spring 2020 semester to online distance learning platforms.

63.     The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them with the benefit of their bargain.

64.     Plaintiff and other members of the Tuition Class have been damaged in that they have been deprived of the value of the services the tuition was intended to cover – live in-person instruction in brick and mortar classrooms – while the University retained those fees. Plaintiff and

other members of the Tuition Class were entitled to an equitable remedy – here: disgorgement of the difference between the value of one half a semester of online learning versus the value of one half a semester of live in-person instruction in brick and mortar classrooms.

**SECOND CLAIM FOR RELIEF**

**Breach of Contract**
**(Plaintiff and Other Members of the On-Campus Housing Class)**

65.      Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully alleged herein.

66.      Plaintiff brings this claim individually and on behalf of the other members of the On-Campus Housing Class.

67.      Plaintiff and other members of the On-Campus Housing Class entered into contracts in the form of agreements with the University, which is the direct beneficiary, that provided that Plaintiff and other members of the On-Campus Housing Class would pay monies and, in exchange, the University would provide housing in its residence halls and other campus affiliated-housing.

68.      Plaintiff and other members of the On-Campus Housing Class fulfilled their end of the bargain when they paid monies due and owing for their residence hall or other housing for the semester. Plaintiff and other members of the On-Campus Housing Class were not provided housing for the entire semester; accordingly, pursuant to the laws of the State of Indiana, under which the housing agreements are interpreted, Plaintiff and other members of the On-Campus Housing Class were entitled to an equitable remedy in the event of a breach – here: disgorgement of the unused days of housing costs already charged.

69.     The University has retained monies paid by Plaintiff and other members of the On-Campus Housing Class for their Spring 2020 residence hall housing, without providing them the benefit of their bargain.

70.     The University's performance under the contracts is not excused because of COVID-19 and the housing agreements provide no such terms excusing performance given nationwide pandemics. Indeed, the University should have fully refunded the pro-rated portion of any unused housing costs, while the University breached its contract with individuals who paid for on-campus housing. Even if performance was excused or impossible, the University would nevertheless be required to return the funds received for services that will not be provided.

71.     Plaintiff and other members of the On-Campus Housing Class have been damaged in that they have been deprived of the value they paid for residence hall housing while the University retained that value.

### THIRD CLAIM FOR RELIEF

#### Breach of Contract
**(Plaintiff and Other Members of the Meal and Fee Classes)**

72.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully alleged herein.

73.     Plaintiff brings this claim individually and on behalf of the other members of the Meal and Fee Classes.

74.     Plaintiff, the Meal Class, and the Fee Class entered into contracts with the University, which provided that Plaintiff and other members of the Meal and Fee Classes would pay costs for or on behalf of students, and in exchange, the University would provide food and services to students.

75.    The University breached the contracts when it moved classes online, closed most University buildings, and stopped providing food and services for which these fees were intended to pay.

76.    The University retained monies paid by Plaintiff and the other members of the Meal and Fee Classes, without providing them the benefit of their bargain.

77.    Plaintiff and the other members of the Meal and the Fee Classes have been damaged in that they have been deprived of the value of the services the fees they paid were intended to cover, while the University retained those fees. Plaintiff and other members of the Meal and Fee Classes were entitled to an equitable remedy – here: disgorgement of the pro-rated, unused amounts of costs already charged and collected.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment
**(Plaintiff and Other Members of the Tuition Class)**

78.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully alleged herein.

79.    Plaintiff brings this claim individually and on behalf of the other members of the Tuition Class and in the alternative to the breach of contract claim brought on behalf of Plaintiff and the other members of the Tuition Class.

80.    The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in brick and mortar classrooms and did not receive the full benefit of their bargain. Accordingly, the University should return the monies paid for tuition for the Spring 2020 semester by Plaintiff and other members of the Tuition Class. Equity demands the return of value of the difference between one half of one semester of instruction on

online distance learning platforms versus one half of one semester of live in-person instruction in brick and mortar classrooms.

81.     The University has been unjustly enriched by retaining the monies paid by Plaintiff and other members of the Tuition Class for live in-person instruction in brick and mortar classrooms without providing the services for which those monies were paid. Equity requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

## FIFTH CLAIM FOR RELIEF

### Unjust Enrichment
### (Plaintiff and Other Members of the On-Campus Housing Class)

82.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully alleged herein.

83.     Plaintiff brings this claim individually and on behalf of the other members of the On-Campus Housing Class and in the alternative to the breach of contract claim brought on behalf of Plaintiff and the other members of the On-Campus Housing Class.

84.     The University has received a benefit at the expense of Plaintiff and other members of the On-Campus Housing Class to which it is not entitled. Plaintiff and other members of the On-Campus Housing Class paid for housing and did not receive the full benefit of their bargain. Accordingly, the University should return the unused monies paid for on-campus housing for the Spring 2020 semester by Plaintiff and other members of the On-Campus Housing Class. Equity demands the return of the pro-rated, unused amounts paid by Plaintiff and other members of the On-Campus Housing Class.

85.     The University has been unjustly enriched by retaining the monies paid by Plaintiff and other members of the On-Campus Housing Class for residence hall housing for the semester

while not providing the housing for which those monies were paid. Equity requires the University return the full pro-rated unused amounts paid by Plaintiff and other members of the On-Campus Housing Class for their housing expenses.

### SIXTH CLAIM FOR RELIEF

#### Unjust Enrichment
**(Plaintiff and Other Members of the Meal and Fee Classes)**

86.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above, as if fully set forth herein.

87.     Plaintiff brings this claim individually and on behalf of the other members of the Meal and Fee Classes, respectively, and in alternative to the breach of contract claim brought on behalf of Plaintiff and the other members of the Meal and Fee Classes.

88.     The University has received a benefit at the expense of Plaintiff and other members of the Meal and Fee Classes to which it is not entitled. Plaintiff and other members of the Meal and Fee Classes paid University fees and did not receive the full benefit of their bargain when the school shut down most facilities. Accordingly, the University should return the monies paid for fees for the Spring 2020 semester by Plaintiff and other members of the Meal and Fee Classes. Equity demands the return of these amounts paid by Plaintiff and other members of the Meal and Fee Classes.

89.     Plaintiff and the other members of the Meal and Fee Classes paid fees for or on behalf of students, which were intended to cover the cost of food and services for the Spring 2020 semester. In exchange, students were entitled to receive on-campus dining and other Fee-related services for the entire semester.

90.     With respect to food, the University moved classes online and stopped providing regular food services on campus, which is what the meal costs were intended to cover.

91.     With respect to fees, the University moved classes online and stopped providing the services these fees were intended to cover.

92.     The University has retained fees paid by Plaintiff and other members of the Fee Class, without providing the services for which they were paid and, as such, has been enriched.

93.     The University has been unjustly enriched by retaining the fees paid by Plaintiff and the other members of the Fee Class for the semester while not providing the services for which those fees were intended. Equity requires that the University to return the fees paid by Plaintiff and the other members of the Fee Class.

## REQUEST FOR RELIEF

94.     Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

A.     Certifying the Classes as requested herein, designating Plaintiff as class representative, and appointing the undersigned counsel as Class Counsel;

B.     Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

C.     Declaring that Defendants have wrongfully kept monies paid for tuition, on-campus housing, meals, and fees;

D.     Requiring that Defendants disgorge amounts wrongfully obtained for on-campus tuition, on-campus housing, meals and fees.

E.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from retaining the pro-rated, unused monies paid for tuition, on-campus housing, meals and fees;

F.     Awarding Plaintiff's reasonable attorney's fees, costs and expenses;

G.      Awarding pre- and post-judgment interest on any amounts awarded; and

H.      Awarding such other and further relief as may be just and proper.


Dated: April 9, 2020                              Respectfully submitted,

                                                  **COHEN & MALAD LLP**

                                                  *s/   Richard E. Shevitz*
                                                  Richard E. Shevitz
                                                  Vess A. Miller
                                                  One Indiana Square, Suite 1400
                                                  Indianapolis, Indiana 46204
                                                  Telephone:  317-636-6481
                                                  E-mail:      rshevitz@cohenandmalad.com
                                                                    vmiller@cohenandmalad.com


                                                  **MILBERG PHILLIPS GROSSMAN LLP**
                                                  Jennifer Kraus-Czeisler (*PVH Forthcoming*)
                                                  Sanford Dumain *(PVH Forthcoming)*
                                                  Adam H. Cohen *(PVH Forthcoming)*
                                                  Blake Yagman (*PVH Forthcoming*)
                                                  One Pennsylvania Plaza, Suite 1920
                                                  New York, New York 10119
                                                  Telephone: (212) 594-5300
                                                  E-mail:      jczeisler@milberg.com
                                                                    sdumain@milberg.com
                                                                    acohen@milberg.com
                                                                    byagman@milberg.com


                                                  **EVANGELISTA WORLEY LLC**
                                                  James Evangelista (*Pro Hac Vice Forthcoming*)
                                                  David Worley (*Pro Hac Vice Forthcoming*)
                                                  500 Sugar Mill Road
                                                  Building A, Suite 245
                                                  Atlanta, Georgia 30350
                                                  Telephone: (404) 205-8400
                                                  E-mail:      jim@ewllc.com


                                                  ***Attorneys for Plaintiff and Proposed Classes***

## **VERIFICATION**

I declare under the penalties of perjury that this Complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

*/s/* Zach Church